UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

JAMES SHERRILL,                                             Civil No. 06-2196  JNE/AJB

               Petitioner,

v.                                                          **REPORT AND RECOMMENDATION**

JAMES CROSS, (Warden),

               Respondent.


This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(b). Petitioner is presently incarcerated at the Federal Correctional Institution, Sandstone, Minnesota. Petitioner asserts that he is entitled to an evidentiary hearing based upon newly discovered evidence of fraud committed by the prosecuting attorney at his court martial. It is the magistrate judge's recommendation that this matter be dismissed as a successive petition and on issue preclusion grounds.

**Background**

Petitioner James Sherrill was tried at a United States Army general court martial at Fort Knox, Kentucky in November 1999.[1] He was convicted on the offenses of absence without leave, indecent acts upon a minor, two specifications of indecent liberties upon a minor, desertion, and

---

[1] Petition for Writ of Habeas Corpus under Title 28 Section 2241, Appendix A. Record of Trial [Docket No. 1].

disorderly conduct.[2]  Petitioner was sentenced to a term of 12 years confinement and given a dishonorable discharge on February 4, 2000.[3]  On mandatory review by the United States Army Court of Criminal Appeals one of the specifications for indecent liberties was set aside as being "multiplicious for sentencing," though the remaining findings of guilt and the sentence were affirmed.[4]  A motion for reconsideration was denied on February 21, 2002,[5] and a petition for review by the United States Court of Appeals for the Armed Forces was denied by Order dated August 6, 2002.[6]

Petitioner subsequently received a letter dated July 29, 2003,[7] from the Army Standards of Conduct Office, therein responding to an allegation of prosecution misconduct that the petitioner had made in a letter dated October 10, 2000.  The July 2003, letter merely stated that allegations of fraudulent conduct raised by the petitioner had been resolved in accordance with Army Regulations, though the results of the inquiry could not be disclosed to him.[8]  Meanwhile, Mr. Sherrill challenged his confinement in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in

---

[2]  Id., Appendix B, Department of the Army Report of Result of Trial. See Sherrill v. Commandant, USDB, 118 Fed. Appx. 383, 2004 WL 2757943, *1 (10th Cir. (Kan.)).

[3]  Petition for Writ of Habeas Corpus under Title 28 Section 2241, Appendix B.

[4]  Id., Appendix C, United States Army Court of Criminal Appeals, Memorandum Opinion dated January 25, 2002.

[5]  Id., Appendix D, United States Army Court of Criminal Appeals, Order dated February 21, 2002 .

[6]  Id., Appendix E.

[7]  Id., Appendix F.

[8]  Id.

United States District Court for the District of Kansas.[9]  In the § 2241 proceeding in Kansas petitioner moved for discovery of the results and all materials from the inquiry that was referenced in the July 2003, letter.[10]  The respondent in that matter, Commandant, USDB, opposed the discovery motion, asserting that the petitioner was not automatically entitled to discovery in the habeas corpus proceeding and that the petitioner did not show good cause for discovery because he did not articulate how the proposed discovery would enable him to overcome his burden of showing that the military courts failed to give full and fair consideration to each of his allegations.[11]  Petitioner's discovery motion was addressed and denied by Order dated August 26, 2003.[12]   The court expressly determined on the merits that the petitioner failed to make a sufficient showing that the requested discovery, if allowed, would aid him in establishing grounds for relief.[13]  Mr. Sherrill then asked the Kansas court to examine unspecified discovery materials *in camera,*[14] and he filed a motion for evidentiary hearing,[15] asserting that "fraud is a sufficient showing" to justify further discovery and inquiry.  The Commandant opposed the motion of evidentiary hearing, asserting that the motion was essentially an effort to rehash the prior

---

[9]  Id., Appendix G, Memorandum and Order, United States District Court, District of Kansas Case No. 02-3368-RDR.

[10]  Declaration of Theresa Villarreal, Exh. 1, handwritten Motion for Discovery filed August 8, 2003  [Docket No. 6].

[11]  Id., Exh. 2, Respondent's Opposition to Petitioner's Motion for Discovery.

[12]  Id., Exh. 3, Order dated August 26, 2003.

[13]  Id., pp. 3-4.

[14]  Id., Exh. 4, Petitioner's Reply to Motion for Discovery.

[15]  Id., Exh. 5.

3

discovery motion and ruling.[16] The Kansas district court issued a Memorandum and Order dated June 17, 2004, dismissing the habeas corpus petition and explicitly deciding that the motion for hearing was denied as moot.[17] The district court decision was affirmed on appeal.[18] In the Order and Judgment issued on appeal, the appellate court directly addressed the discovery and evidentiary issue that had been presented to the district court, therein stating:

> "Sherrill also claims the district court erred in denying his motion for discovery. The record reveals a thorough and reasoned disposition by the district court. The district court did not abuse its discretion in concluding Sherrill's vague claim that discovery would have a direct impact on his petition was not sufficient to entitle him to an evidentiary hearing. [citation omitted]."[19]

Petitioner's petition for rehearing by the 10th Circuit Court of Appeals was denied on December 28, 2004;[20] petitions for review by the United States Supreme Court were denied on March 21, 2005, and October 3, 2005;[21] and a motion to reopen the habeas corpus action in the District of Kansas was denied on May 24, 2006.[22] Mr. Sherrill commenced the present action for habeas corpus relief by petition filed on June 1, 2006.

---

[16] Id., Exh. 6.

[17] Declaration of Theresa Villarreal, Exh. 7.

[18] Petition for Writ of Habeas Corpus under Title 28 Section 2241, Appendix H, Sherill v. Commandant, USDB, Appellate Case File No. 04-3225 (10th Cir.), Order and Judgment filed December 3, 2004.

[19] Id., page 4.

[20] Id., Exh. I.

[21] Id., Exh. J and Exh. L.

[22] Declaration of Theresa Villarreal, Exh. 8 and Exh. 9.

**Discussion**

        **Mootness.**  The issue in this matter as phrased in the petition is:

        "[w]hether the denial, "as moot", of an evidentiary hearing based on
newly discovered evidence is still valid after exhaustion of all remedies.
(The newly discovered evidence raised the issue of "Fraud Upon the
Court").

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, page 9.  Petitioner thereby implicitly implores the court to focus on the word "moot," and ignore the word "denied" in determining whether he is precluded from continuing to seek an evidentiary hearing on his non-particularized fraud claim.  In his presentation of the issue, as well as his argument on the matter, the petitioner quite apparently seeks to have the court accept the definition of a "moot" subject as being one that is debatable, unsettled, arguable, or open to question.[23]  Applying such a meaning to the Kansas district court's order denying his motion for evidentiary hearing as moot,[24] petitioner surmises that his motion was denied as moot because he had failed to first submit the motion to the military courts, and he has since exhausted his administrative remedies.

        It is abundantly clear to the court that petitioner is applying the incorrect meaning of "moot" in his argument, and that the word has been used in this instance in the context of a issue, i.e. motion, that has been "deprived of practical significance."[25]  Therefore, the petitioner's motion for

---

[23]  See Webster's Third New International Dictionary, unabridged, Merriam-Webster, Inc., 1993, page 1468.

[24]  Petition for Writ of Habeas Corpus under Title 28 Section 2241, Appendix G.

[25]  Webster's Third New International Dictionary, unabridged, Merriam-Webster, Inc., 1993, page 1468.

evidentiary hearing was denied as moot because Sherrill had not presented sufficient evidence to establish a justification either for an evidentiary hearing or for discovery on a mere allegation of fraud. Given the lack of threshold evidence of fraud, and the unavailability of discovery on the issue of fraud, there could simply be no practical significance to an evidentiary hearing[26] and the motion was therefore moot. This interpretation is borne out by the Order and Judgment of the United States Court of Appeals for the Tenth Circuit as recited above.[27] Moreover, no court has suggested, either expressly or implicitly, that petitioner's motion for an evidentiary hearing was not final and was open to reconsideration upon exhaustion of administrative remedies.

**Issue Preclusion.** The doctrine of issue preclusion provides that once a court has decided an issue of fact or law necessary to its judgment, such determination is conclusive in a subsequent action. Tyus v. Schoemehl, 93 F.3d 449, 453 (8th Cir. 1996). Prerequisites to application of the doctrine are that: 1) the issue to be precluded is the same as the one involved in a prior action; 2) the issue was actively litigated in the prior action; 3) the issued was determined by valid and final judgment; and 4) the determination was essential to the prior judgment. Id. (citing Farmland Indus. v. Morrison-Quirk Grain Corp. 987 F.2d 1335, 1339 (8th Cir. 1993)). The evidentiary hearing issue that is presently before the court is identical to the issue that was presented in the Kansas habeas corpus action; the issue was actively litigated in the Kansas case; the issue was determined by valid and final judgment; and decision was part of the final order. Furthermore, the matter was appealed and

---

[26] If the court were to reach the merits of the petition in this case it would be compelled to reach the same conclusion. Petitioner has not presented sufficient threshold evidence of fraud to warrant evidentiary hearing on such a claim.

[27] Petition for Writ of Habeas Corpus under Title 28 Section 2241, Appendix H.

addressed in a final Order and Judgment by the United States Court of Appeals for the Tenth Circuit. Under these circumstances the magistrate judge finds that the request for evidentiary hearing that is now before the court has been previously litigated and decided, and re-litigation of the issue in this action is therefore precluded as a matter of law.

**Successive Petition.**  The repetitive submission of claims and petitions seeking habeas corpus relief by prisoners are matters that are addressed by prohibition against successive petitions and actions that constitute an abuse of the writ.  Petitions which may be defined as successive, and therefore barred under 28 U.S.C. § 2244, are those in which the same grounds for federal habeas corpus relief were denied in a prior action by decision on the merits, and the ends of justice would not be served by reaching the merits of the subsequent application.  Williams v. Lockhart, 862 F.2d 155, 157 (8th Cir. 1988)(citing Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068 (1963).

The § 2241 petition in this matter is somewhat unique in that the substantive relief that is requested, i.e. evidentiary hearing, is procedural in nature, whereas his previous habeas corpus petition asserted direct substantive challenges to his confinement.[28]  Petitioner was denied relief with respect to each of his earlier claims and he is not directly re-alleging those claims in this case.  Nonetheless, he did bring a motion asserting a right to an evidentiary hearing in the prior action as discussed above with

---

[28] Declaration of Theresa Villarreal, Exh. 7, Memorandum and Order, pp. 3-4:
"Petitioner challenges his confinement on four grounds, namely:
   (1) the court-martial lacked jurisdiction because the military judge was not detailed to the court-martial convened pursuant to CMCO No. 9;
   (2) the re-referral to the court-martial convened pursuant to CMCO No. 9 did not stop the speedy trial clock, and the proceedings were barred by speedy trial principles;
   (3) the failure of the Army Court to order a sentence rehearing violated due process;
   (4) the trial record is incomplete and not a verbatim record of proceedings.

respect to issue preclusion; the motion for evidentiary hearing was based upon the same factual circumstances that are relied upon in the present application; and the motion was denied on the merits in the previous case.  Under these circumstances the petition now before the court is properly dismissed as a successive petition for evidentiary hearing.

## RECOMMENDATION

Based upon the foregoing discussion, along with the file and documents contained therein, the magistrate judge **hereby recommends** that the prisoner James Sherrill's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **dismissed** with prejudice.

Dated:     May 8, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 23, 2007.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.